UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>BIGDANSFITNESS, LLC,<br><br>Defendant. | Case No.: 17cv00920 JAH - MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER [Doc. No. 3]** |

**INTRODUCTION**

Pending before the Court is Defendant's motion to dismiss or transfer jurisdiction based on lack of personal jurisdiction and improper venue. Defendant seeks an order dismissing the action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). If the Court is not inclined to dismiss the case, Defendant seeks an order transferring the case to the United States District Court in Moscow, Idaho pursuant to 28 U.S.C. section 1404(a).

Plaintiff filed a notice of non-opposition to the motion in which Plaintiff maintains it disagrees with Defendant's contention regarding its connection to California but it is willing to stipulate to transferring the action. Plaintiff maintains counsel for Defendant refused Plaintiff's offer to stipulate to the transfer of the matter because Plaintiff did not

respond to Defendant's counsel's request to meet and confer prior to filing the pending motion. Plaintiff contends counsel is under the mistaken impression the matter may be dismissed with prejudice. Plaintiff further contends the only effect Defendant's refusal to stipulate is a waste of judicial resources and delay in transferring the matter.

In reply, Defendant contends Plaintiff does not dispute the fact Defendant resides in Idaho and has no significant contacts with California and provides no evidence or argument refuting the motion. Defendant further contends Plaintiff now offers to stipulate to transferring the matter but previously failed to respond to Defendant's attempts to meet and confer prior to filing the motion. Defendant maintains it was forced to incur significant fees and costs in drafting and filing the motion. Defendant argues Plaintiff now seeks to stipulate to transferring the matter to conserve judicial resources but its failure to meet and confer in good faith is what lead to the filing of the motion. Defendant maintains the Court should still consider Defendant's request for dismissal notwithstanding Plaintiff's stipulation to transfer, because there is a significant difference between a dismissal and transfer of the case, and this case should be dismissed for lack of jurisdiction and improper venue.

For the reasons discussed below, the Court GRANTS Defendant's motion to dismiss or transfer and transfers the action.

**DISCUSSION**

**I. Personal Jurisdiction**

Defendant argues this Court cannot exercise personal jurisdiction over Defendant because it lacks the requisite minimum contacts with California.

Under Rule 12(b)(2), a court may dismiss a case for lack of jurisdiction over the person. The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper. Jurisdiction must comport with: (1) the state long-arm statute, and (2) the constitutional requirement of due process. Mattel, Inc., v. Greiner & Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. See Mattel, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. Id. The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction over a defendant:

> 'Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Mattel, 354 F.3d at 863 (quoting Bancroft & Masters v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)).

Plaintiff bears the burden of making a *prima facie* showing that jurisdiction is proper. Mattel, 354 F.3d at 862 (citing Harris Rutsky, 328 F.3d at 1128). "To make that showing, [a plaintiff] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants." Id. "'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a *prima facie* case for

3

17cv00920 JAH - MDD

personal jurisdiction exists.'" AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); see also Doe v. Unocal Corp., 922 (9th Cir. 2001).

Defendant maintains it is a small limited liability company located in Idaho with its principal place of business in Idaho, has no offices, equipment, staff or bank accounts in California, is not licensed in California, owns no property, pays no taxes in California and has never actively advertised any products or services in California. Defendant argues Plaintiff cannot reasonably contend there is general jurisdiction based on Defendant's operation of two websites that are accessible in California.

Defendant further argues it operation of websites accessible in California is insufficient to support specific jurisdiction. Defendant contends it did not purposefully direct its activities at residents of California, as its website is not directly targeted at the California market, it is not selling supplements to the California industry, and it does not regularly sell the products at issue to California residents. Defendant further maintains Plaintiff cannot establish California constitutes a principal consumer base for Defendant, that Defendant directs visitors to any California establishments, that Defendant has engaged in any print, radio, television, or internet advertising targeting California residents or that Defendant has specifically encouraged California residents to visit its website.

Defendant also argues Plaintiff's claims do not arise out of or relate to any activity by Defendant in California. Defendant maintains its websites were designed by a third party in Idaho and are maintained by Defendant's staff and the third party web designer in Idaho, therefore, Defendant argues the posting of allegedly misleading statements on the website occurred in Idaho.

Defendant further argues assertion of jurisdiction by this Court would be unreasonable and unfair because defending a lawsuit in California would impose a substantial burden on Defendant, a small Idaho company with only one employee located in Idaho and all relevant business documents and records in Idaho. Additionally, Defendant contends California does not have a significant interest in adjudicating the case given that Defendant is an Idaho company headquartered in Idaho with little to no contact

with California. Defendant further contends Plaintiff can seek relief in another jurisdiction with which Defendant has sufficient contacts, and California does not have an interest in furthering its own substantive laws because Plaintiff does not allege any violations of California law.

Plaintiff includes a footnote in his notice of non-opposition in which it asserts Defendant's recitation of the law regarding personal jurisdiction of online business is not accurate and maintains a highly commercial website may constitute minimum contacts. Plaintiff provides not further argument addressing jurisdiction.

The Ninth Circuit uses "a sliding scale analysis that looks to how interactive an internet website is for purposes of determining its jurisdiction effect." Boschetto v. Hansing, 539 F.3d 1011, 1018 (9th Cir. 2008). The only information regarding the extent of the interactive or commercial nature of Defendant's websites are conclusory allegations in the complaint that Defendant is an online retailer and "developed, licensed, manufactured, shipped, distributed, offered for sale, sold and advertised its nutritional supplement products in. . .the State of California and this district." Complaint ¶ 16. This is insufficient to support this Court's exercise of jurisdiction over Defendants.

**II. Dismissal or Transfer**

Because the Court finds it lacks jurisdiction over Defendant, it must determine whether to dismiss or transfer the action. See 28 U.S.C. § 1631. Pursuant to section 1631 a court that finds it lacks jurisdiction shall transfer the action to a court in which it could have been brought when filed, if it is in the interest of justice. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)). The Court finds transfer is appropriate.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss or transfer based on lack of personal jurisdiction is **GRANTED**;

2. The Clerk of Court shall transfer the action to the United States District Court, District of Idaho, Central Division.

DATED: February 26, 2018

_____
JOHN A. HOUSTON
United States District Judge